# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC J. MAPES, and <br> JENELLE M. KELLY-MAPES, <br>         Plaintiffs, <br>         v. <br> HATCHER REAL ESTATE et al., <br>         Defendants. | No. 1:19-cv-02162-TWP-MJD |

## ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING AND ORDER TO FILE AMENDED COMPLAINT

This matter is before the Court on Plaintiffs Eric J. Mapes and Jenelle M. Kelly-Mapes's ("Plaintiffs") Motion to Proceed *in Forma Pauperis* (Filing No. 3). Because Plaintiffs are allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. DISCUSSION

### A. Filing Fee

Plaintiffs' Motion to Proceed *in Forma Pauperis*, without prepaying fees or costs (Filing No. 3) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without pre-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiffs' *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS

106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

## B. Screening

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## C. The Complaint

In this civil action, *pro se* Plaintiffs allege claims against Hatcher Real Estate, James Hatcher, Ethan Hatcher, and Brandy Hodges (collectively, "Real Estate Defendants") for violating their rights under the Americans with Disabilities Act and the Federal Fair Housing Act. Plaintiffs allege that they were subjected to discriminatory housing practices because of their use of service animals in an apartment. Additionally, they allege that they have been wrongly denied access to

the courts when the Center Township Small Claims Court and Marion County Superior Court denied their motion to proceed *in forma pauperis* in those courts. Plaintiffs allege their "denial of access to the courts" claim against Center Township Small Claims Court, Marion County Superior Court, Marion County Clerks Office, Judge Brenda A. Roper, Magistrate Judge Kimberly Mattingly, Russell Hollis, and Jennifer McIntyre (collectively, "Judicial Defendants"). Plaintiffs' initial pleadings consist of a two-page "Complaint Form," 36 pages consisting of 9 attachments, and a sixty-seven page "Brief, Claim, Complaint, Summons, and Memorandum for the Plaintiffs and Urging Affirmance." ([Filing No. 1](); [Filing No. 2]().)

**D. Dismissal of Claim and Leave to Amend the Complaint**

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir.

2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). *Pro se* complaints, such as that filed by Plaintiffs, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Federal jurisdiction exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. 28 U.S.C. § 1331. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–85, (1946). While it appears from the Plaintiffs' initial pleadings that they may have raised a claim against the Real Estate Defendants arising under the laws of the United States (the Americans with Disabilities Act and the Federal Fair Housing Act), their initial pleadings fail to comply with Federal Rule of Civil Procedure 8(a)(2), which "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and punctuation omitted). Plaintiffs' initial pleadings, consisting of 105 pages spread over 11 filings, contain disjointed assertions that do not provide a coherent claim to relief, and they fail to give the Real Estate Defendants fair notice of what the claim is and the grounds upon which it rests.

Plaintiffs shall have through **Monday, July 15, 2019**, to file an amended complaint, asserting their claims against the Real Estate Defendants. They should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiffs claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry.

Concerning the Plaintiffs' allegations against the Judicial Defendants, Plaintiffs' claim is based solely on their grievance that the courts did not grant them *in forma pauperis* in the state court proceedings, and it appears that those proceedings did not advance beyond the Plaintiffs' request for *in forma pauperis* status. This does not serve as a basis for a federal civil action against state judicial officers and state courts. Plaintiffs' appropriate course of action is to take an appeal of the decision, file a motion to reconsider in the state court, or cure the deficiency in their state court *in forma pauperis* request. Therefore, the Court dismisses the Plaintiffs' claim against the Judicial Defendants.

## II.  **CONCLUSION**

For the reasons stated above, Plaintiffs' Motion to Proceed *in Forma Pauperis* ([Filing No. 3](#)) is **GRANTED**. Having screened the Complaint, the Court determines that Plaintiffs shall have through **Monday, July 15, 2019**, to file an amended complaint that complies with Federal Rule of

5

Civil Procedure 8(a)(2) and that asserts their claims against the Real Estate Defendants. If no amended complaint is filed by that date, this action may be subject to dismissal for failing to state a claim upon which relief may be granted.

**SO ORDERED.**

Date: 6/11/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ERIC J. MAPES
P.O. Box 47181
Indianapolis, IN 46247-0181

JENELLE M. KELLY-MAPES
P.O. Box 47181
Indianapolis, IN 46247-0181