UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ERIC J. MAPES, and | ) |
| JENELLE M. KELLY-MAPES, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:19-cv-02162-TWP-MJD |
| | ) |
| HATCHER REAL ESTATE et al., | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PLAINTIFFS' MOTIONS**

Before the Court are three Motions filed by Plaintiffs Eric J. Mapes and Jenelle M. Kelly-Mapes ("Plaintiffs"): "Plaintiffs' Emergent Notice of Motion and Emergent Motion to Amend" (Filing No. 13), "Plaintiffs' Notice of Emergent Motion and Emergent Motion to Change Judge" (Filing No. 14), and "Plaintiffs' Notice of Emergent Motion and Emergent Declaration" (Filing No. 15). The Court will address each Motion in turn.

1. **"Plaintiffs' Emergent Notice of Motion and Emergent Motion to Amend"**

In the Plaintiffs' "Motion to Amend," they begin by asserting that they are making this amendment to their original complaint . . . to comply with the Court's ruling on 6/11/2019." (Filing No. 13 at 1.) The remainder of the Plaintiffs' ten-page filing consists of unnumbered, rhetorical paragraphs providing numerous citations to case law, statutes, and regulations about the Americans with Disabilities Act and the Federal Fair Housing Act as well as a description of mental health conditions such as schizophrenia, depression, and bipolar disorder. The Plaintiffs include two long paragraphs that provide a narrative about Mr. Mapes's mental health conditions and about the Defendants. This filing appears to be an argumentative brief that parties file in support of a motion rather than the amended complaint that the Court ordered the Plaintiffs to file.

As the Court previously has directed, the Plaintiffs' amended complaint should contain "a short and plain statement of the claim showing that [they are] entitled to relief . . . ," which is sufficient to provide the Defendants with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The amended complaint should allow the Court and the Defendants to connect the facts to the legal bases to the relief sought.

The amended complaint should not discuss cases, statutes, constitutional provisions, or regulations beyond a citation explaining the basis for a particular cause of action. A complaint or pleading is not the appropriate place for a plaintiff to argue the merits of the case. Rather, the purpose of a complaint is to set forth, in a "short and plain statement," what happened, who took the alleged actions, and what relief is requested. Thus, the Plaintiffs' amended complaint should contain short statements of fact to which the Defendants can admit or deny their truthfulness.[1]

Because the Plaintiffs' "Motion to Amend" does not provide the Court with an amended complaint as previously ordered by the Court, the Motion is **DENIED** (Filing No. 13). However, the Court emphasizes that, because the Court already has ordered the Plaintiffs to file an amended complaint, the Plaintiffs do not need to file a "motion" when filing their amended complaint no later than **July 15, 2019**.

To the extent that the Plaintiffs' filing can be construed as a motion for reconsideration,[2] the motion is denied for the reasons stated in the Court's previous Order on Plaintiffs' Motion for Reconsideration (Filing No. 12)—because the Plaintiffs have not satisfied the legal standard for reconsideration.

---

[1] For example, a complaint might allege the fact, "The United States of America is a country located in North America," to which a defendant would have a fair opportunity to admit or deny the truthfulness of that short and plain statement of fact.

[2] The Plaintiffs conclude in their filing that "[t]his reconsideration should be granted overturning the Orders on 6/11/2019 and Orders on 6/13/2019." (Filing No. 13 at 9.)

**2.     "Plaintiffs' Notice of Emergent Motion and Emergent Motion to Change Judge"**

In the Plaintiffs' "Motion to Change Judge," they ask that the undersigned judge "disqualify and/or recuse themselves" because "there is direct bias being shown against the rights and protections of disabled Americans." (Filing No. 14 at 1.) The Plaintiffs allege that the Court is depriving them of judicial access because of a bias or prejudice.

As the Court previously has explained,

> [T]he Court's Orders have not conclusively granted or denied the relief requested by the Plaintiffs, and importantly, the Orders have not deprived the Plaintiffs of access to the Court. Rather, the Court's Orders have permitted the Plaintiffs an opportunity to file an amended complaint to meet the standard of Rule 8(a)(2).

(Filing No. 12 at 2.)

While a "document filed *pro se* is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the courts have been clear that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted). The Court's insistence that the Plaintiffs comply with the procedural rules is not an indication of bias or prejudice against disabled Americans generally or against the Plaintiffs specifically.

Federal law provides that "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a

reasonable, well-informed observer." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). The Seventh Circuit explained that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996). "[J]udicial rulings, routine trial administration efforts, and ordinary admonishments" that occur "in the course of judicial proceedings" are not grounds for recusal. *Liteky v. United States*, 510 U.S. 540, 556 (1994).

The Plaintiffs' dissatisfaction with prior Orders from the undersigned judge is not evidence of bias nor is it otherwise a valid basis for a change of judge. Having failed to satisfy the legal standard for obtaining a change of judge, the Plaintiffs' "Motion to Change Judge" is **DENIED** ([Filing No. 14](#)).

3. **"Plaintiffs' Notice of Emergent Motion and Emergent Declaration"**

The Plaintiffs' "Motion of Emergent Declaration" simply declares information about Social Security disability benefits and fiduciary duties. The filing is not a "motion" because it does not request action by the Court, ask for relief from the Court, or require that any action be taken by the Court. Therefore, the Court **TERMINATES** the Plaintiffs' "Motion of Emergent Declaration" ([Filing No. 15](#)) because it is not a motion.

## CONCLUSION

For the reasons explained above, the "Plaintiffs' Emergent Notice of Motion and Emergent Motion to Amend" ([Filing No. 13](#)) is **DENIED**, "Plaintiffs' Notice of Emergent Motion and Emergent Motion to Change Judge" ([Filing No. 14](#)) is **DENIED**, and "Plaintiffs' Notice of Emergent Motion and Emergent Declaration" ([Filing No. 15](#)) is **TERMINATED**. The Plaintiffs are again directed to file their amended complaint no later than **Monday, July 15, 2019**. The **clerk is directed** to include a Non-Prisoner Complaint form.

4

**SO ORDERED.**

Date: 6/21/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ERIC J. MAPES
P.O. Box 47181
Indianapolis, IN 46247-0181

JENELLE M. KELLY-MAPES
P.O. Box 47181
Indianapolis, IN 46247-0181