UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC J. MAPES, and <br> JENELLE M. KELLY-MAPES, <br><br> Plaintiffs, <br><br> v. <br><br> HATCHER REAL ESTATE et al., <br><br> Defendants. | Case No. 1:19-cv-02162-TWP-MJD |

### ENTRY GRANTING MOTION TO AMEND/ATTACH
### AND DENYING MOTION FOR RECONSIDERATION OR RECUSAL

This matter is before the Court on *pro se* Plaintiffs Eric Mapes and Jenelle M. Kelly-Mapes' (collectively, "Plaintiffs") Motion to Amend/Attach, Dkt. 35, and Notice of Motion and Motion for Reconsideration of Disability Accommodation Request, and Motion for Change/Recusal of Judge, Dkt. 36. For the reasons stated below, the Motion to Amend/Attach is **granted** and the Motion for Reconsideration and Recusal is **denied**.

### I. DISCUSSION

The Plaintiffs ask the Court to amend or attach an exhibit to their Amended Complaint and to reconsider denial of their request for assistance in recruiting counsel and denial of their motion to recuse. The Court will address each request in turn.

**A.** **Motion to Amend/Attach**

In the Motion to Amend/Attach, the Plaintiffs assert that they have delivered in person to the Clerk's Office, Exhibit 3, a flash drive containing three video files and two sealed medical documents. The Motion, Dkt. 35, is **granted** in that the Court acknowledges receipt of the flash drive as Exhibit 3 to the Amended Complaint and filed at Dkt. 34.

**B.     The Motion for Reconsideration of Disability Accommodation Request**

As the Court previously explained (in Dkts. 12, 24 and 27), that motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

The Plaintiffs first ask the Court to reconsider their request for assistance in recruiting counsel due to their low income, and because they are disabled individuals and "appointment of counsel would qualify as a reasonable accommodation." (Dkt. 36 at 1.) Plaintiffs explain that they have contacted Indiana Legal Services, Legal Aid Society and that "many attorneys have ref[u]sed the Disabled Plaintiffs counsel over the financial aspect." *Id*. The Court concedes that Plaintiffs have satisfied the first prong that the Court must examine in determining whether to assist in recruiting counsel –

> When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

Regarding the second prong, despite having a disability, the Plaintiffs appear competent to litigate this matter themselves at this early stage of the proceedings. This is not a case in which the Court is unable to discern the claim. Rather, the Court reviewed the Amended Complaint and

identified a plausible claim that was permitted to proceed in this action. (*See* Dkt. 28.) As such, this is not a case in which counsel is necessary, at this stage, in order to clarify or amplify the claim. *Beals v. Foster*, 803 F.3d 356, 359 (7th Cir. 2015).

The Plaintiffs' request for the Court's assistance with recruiting counsel is not foreclosed permanently; rather, their request is again **denied as premature.** The defendants have not yet been served or had an opportunity to respond. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

**C.**     **Motion for Change/Recusal of Judge**

For a second time, the Plaintiffs request change of judge or recusal because the Court has not granted the relief requested. Instead, the Court has required that Plaintiffs comply with the procedural rules for filing a claim upon which relief may be granted. As previously explained in Dkt. 16, the Court's insistence that the Plaintiffs comply with the procedural rules is not an indication of bias or prejudice against disabled Americans generally or against the Plaintiffs specifically.

Federal law provides that "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). The Seventh Circuit explained that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996). "[J]udicial rulings, routine trial

administration efforts, and ordinary admonishments" that occur "in the course of judicial proceedings" are not grounds for recusal. *Liteky v. United States*, 510 U.S. 540, 556 (1994).

On October 17, 2019, the Court determined that Counts II, X and XI of the Amended Complaint may proceed and the Court directed the Clerk to assist in service of process. (Dkt. 28.) That service has not yet been perfected and Defendants have not yet received notice of this lawsuit, or had an opportunity to appear in person or by counsel, or to Answer or otherwise respond to the Amended Complaint. The Plaintiffs' dissatisfaction with prior Orders or finding that certain requests are premature is not evidence of bias nor is it otherwise a valid basis for a change of judge. Having failed to satisfy the legal standard for obtaining a change of judge, the request for reconsideration of the ruling denying the motion to recuse, is **denied**.

## II. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Amend/Attach, Dkt. [35], is **GRANTED** in that the Court acknowledges receipt of the flash drive as Exhibit 3 to the Amended Complaint. The Plaintiffs have failed to point out any manifest error of law or fact in the Court's prior Orders or any newly discovered evidence; because the Plaintiffs have not satisfied the legal standard for reconsideration, their Notice of Motion and Motion for Reconsideration of Disability Accommodation Request, and Motion for Change/Recusal of Judge, Dkt. [36] is **DENIED**.

**SO ORDERED.**

Date: 11/6/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Eric J. Mapes
Jenelle M. Kelly-Mapes
P.O. Box 47181
Indianapolis, Indiana  46247-0181

Hatcher Real Estate
James Hatcher
Ethan Hatcher
Brandy Hodges
712 North Bosart Avenue
Indianapolis, Indiana  46201