**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ERIC J. MAPES, and<br>JENELLE M. KELLY-MAPES, | )<br>) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-02162-TWP-MJD |
| | ) |
| HATCHER REAL ESTATE, JAMES HATCHER,<br>ETHAN HATCHER, and BRANDY HODGES, | )<br>) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Hatcher Real Estate, James Hatcher, Ethan Hatcher, and Brandy Hodges (collectively, "Defendants") (Filing No. 44). *Pro se* plaintiffs Eric J. Mapes and Jenelle M. Kelly-Mapes, (collectively, "Plaintiffs"), initiated this action after a dispute arose between Plaintiffs and Defendants concerning a residential lease for the apartment where the Plaintiffs were living. The Defendants move to dismiss the case because the Plaintiffs have failed to state a claim upon which relief can be granted. For the following reasons, the Court **grants in part and denies in part** the Motion to Dismiss.

**I.   BACKGROUND**

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of the Plaintiffs as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The Plaintiffs are husband and wife and residents of Indianapolis, Indiana.  They have various disabilities.  Defendant Hatcher Real Estate owns various properties that are used to provide housing to the public in Indiana.  Defendant James Hatcher is an officer, owner, or manager of Hatcher Real Estate.  Defendants Ethan Hatcher and Brandy Hodges ("Hodges") are property managers for Hatcher Real Estate.  (Filing No. 17 at 1–2.)

The Plaintiffs entered into a residential lease agreement with Hatcher Real Estate on June 27, 2018.  The lease agreement allowed the Plaintiffs to reside in and lease an apartment owned by Hatcher Real Estate located on East Michigan Street in Indianapolis.  The lease agreement allowed the Plaintiffs to have therapeutic service animals at the property.  The term of the lease agreement expired on June 29, 2019.  Hodges, in her capacity as the office manager, sent a letter to the Plaintiffs dated May 15, 2019.  The letter informed the Plaintiffs that their lease agreement was not going to be renewed beyond the June 29, 2019 expiration date.  The non-renewal letter was provided more than thirty days before the expiration of the lease (Filing No. 17 at 2; Filing No. 17-1 at 2).

During the period of the residential lease, the Plaintiffs complained to the Defendants about various issues with the habitability of the leased apartment.  However, the Defendants left the habitability problems unresolved.  In the early morning of September 12, 2018, the Defendants forced entry into the apartment without prior notice to the Plaintiffs and argued with the Plaintiffs about having animals in the apartment.  On October 15, 2018, the Defendants sent a "notice of eviction" to the Plaintiffs for having service animals in the apartment.  The Defendants sent a "final notice of eviction" to the Plaintiffs on October 25, 2018 (Filing No. 17 at 2–3).

On October 29, 2018, the Plaintiffs submitted a complaint against the Defendants to the Indiana Civil Rights Commission, which was forwarded to the federal Housing and Urban

2

Development and Fair Housing and Equal Opportunity office in Chicago, Illinois.  The Plaintiffs were informed that the Defendants would be made aware of the complaint.  The Plaintiffs also inquired of the Marion County Health Department ("Health Department") concerning the habitability issues with the apartment, and the Health Department opened a complaint for the apartment in November 2018. The Health Department gave the Defendants notice of the habitability issues and directed them to correct the problems.  Because the Defendants did not fully correct the problems, the Health Department repeated its direction to correct the issues and eventually initiated court proceedings against the Defendants in June 2019.  *Id.* at 3–4.

On May 15, 2019, the Defendants sent a non-renewal letter to the Plaintiffs, informing them that their residential lease would not be renewed after the June 29, 2019 expiration date (Filing No. 17-1 at 2).  The Plaintiffs filed this lawsuit on May 30, 2019 (Filing No. 1).  They asked for permission to proceed in this litigation *in forma pauperis*, which the Court granted on June 11, 2019 (Filing No. 7).  Because the Plaintiffs are proceeding *in forma pauperis*, the Court screened their Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court noted the Plaintiffs' pleading deficiencies, explaining, "Plaintiffs' initial pleadings, consisting of 105 pages spread over 11 filings, contain disjointed assertions that do not provide a coherent claim to relief, and they fail to give the Real Estate Defendants fair notice of what the claim is and the grounds upon which it rests." *Id.* at 4. The Court granted the Plaintiffs an opportunity to amend their Complaint. *Id.* at 5.

The Plaintiffs filed their Amended Complaint on July 2, 2019 (Filing No. 17). They asserted the following claims against the Defendants: Count I (intimidation), Count II (retaliation of a disabled American), Count III (intentional infliction of emotional distress), Count IV (breach of contract), Count V (breach of implied warranty of habitability), Count VI (fraudulent misrepresentation), Count VII (negligent misrepresentation), Count VIII (intentional interference

with existing contractual relation), Count IX (civil conspiracy), Count X (discrimination of a disabled American), and Count XI (hate crime of a disabled American). Again, because the Plaintiffs are proceeding *in forma pauperis*, the Court screened their Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  In screening the Amended Complaint, the Court determined that it lacks subject matter jurisdiction over the state law claims asserted in Counts I, III, IV, V, VI, VII, VIII, and IX based on the Rooker-Feldman doctrine (Filing No. 28 at 2–3).  However, the Court concluded that Counts II, X, and XI could proceed beyond the screening stage.  *Id.* at 2.

The Defendants filed their Motion to Dismiss on December 16, 2019, arguing that Counts II, X, and XI should be dismissed because the Plaintiffs have failed to state a claim upon which relief can be granted (Filing No. 44).[1]  The Plaintiffs asked the Court to stay the proceedings as to the Motion to Dismiss, which the Court denied; however, the Court provided an extension of time for the Plaintiffs to file a response to the Motion to Dismiss (Filing No. 49). Even with the additional time to file a response brief, the Plaintiffs did not respond to the Motion to Dismiss.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff.  *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact."  *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

---

[1] The Defendants also argue in their Motion that the state law claims asserted in Counts I, III, IV, V, VI, VII, VIII, and IX should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine.  Because the Court previously determined that it lacks subject matter jurisdiction over these claims, the Court will not further address these claims in this Order (*see* Filing No. 28 at 2–3; Filing No. 49 at 4).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

### III.   DISCUSSION

The Plaintiffs' three claims asserted against the Defendants are for "retaliation of a disabled American," "discrimination of a disabled American," and "hate crime of a disabled American". (Filing No. 17 at 5, 13, 14.)  The Plaintiffs bring these claims broadly under the Federal Fair Housing Act ("FHA") and Title III of the Americans with Disabilities Act ("ADA"). The Defendants argue that this lawsuit is nothing more than "alleged violations of the Fair Housing Act [and] American[s] with Disabilities Act for not renewing a leasehold property," (Filing No. 45 at 1), and the Plaintiffs have failed to state a claim upon which relief can be granted.  The Court will address each of the three claims in turn.

**A.      Count II: Retaliation of a Disabled American**

In Count II of their Amended Complaint, the Plaintiffs bring a claim against the Defendants for what they label as "Retaliation of a Disabled American".  Relying on the general, factual allegations about the tumultuous landlord-tenant relationship between the Plaintiffs and the Defendants, the Plaintiffs allege the Defendants "engaged in wrongful conduct prohibited in the 'FHA' and 'ADA Title III' after rights were exercised."  (Filing No. 17 at 6.)  Plaintiffs allege that they complained about ventilation and infestation problems in the apartment, they reported and argued over these habitability problems with the Defendants, and the Plaintiffs notified the Health Department, which then got involved. The Plaintiffs allege that the non-renewal notice was improper even though it was provided more than thirty days before the expiration of the lease.

The Defendants argue this claim must be dismissed because the allegations do not assert that the Plaintiffs were exercising rights protected by the FHA or ADA, and they do not assert that the Defendants did something to interfere with the exercise of those rights.  The Defendants assert the non-renewal of the lease is the alleged intimidation, but there are no allegations of any specific

6

protected rights threatened or infringed. The Defendants further argue that the Amended Complaint fails to allege any injury sustained by the Plaintiffs.

The FHA and ADA prohibit retaliation, coercion, and intimidation of individuals in the exercise of their rights under the statutes, such as full and equal enjoyment of places of public accommodation free from discrimination on the basis of disability.  *See* 42 U.S.C. § 12203; 28 CFR § 36.206. While most of the Plaintiffs' statements are unsupported conclusory, legal assertions (which are insufficient to survive a motion to dismiss), there are some factual allegations that can support the Plaintiffs' claim at this stage of the litigation.  As noted above, the Court must view the facts in the light most favorable to the non-moving party, and pleadings filed by *pro se* parties are construed liberally.

In the Amended Complaint, the Plaintiffs allege that in the early morning of September 12, 2018, the Defendants forced entry into the apartment without prior notice to the Plaintiffs and harassed them for having service animals in the apartment. The Plaintiffs allege their lease permitted them to have service animals.  Then on October 15, 2018, the Defendants sent a "notice of eviction" to the Plaintiffs for having service animals in the apartment and then sent a "final notice of eviction" to the Plaintiffs on October 25, 2018.  These allegations, taken as true and construed liberally, are enough to allege a claim for retaliation based on disability as it appears that the Defendants threatened or intimidated the Plaintiffs against the use of disability service animals at a public accommodation.  At this stage of the litigation, this is enough to survive the Motion to Dismiss on this claim.

**B.      Count X: Discrimination of a Disabled American**

Next, in Count X of their Amended Complaint, the Plaintiffs bring a claim against the Defendants for what they label as "Discrimination of a Disabled American".  They allege in their

Amended Complaint that "Plaintiffs believe, and therefore aver, that the Defendants acted in discriminatory practices to interfere with the enjoyment of Real Estate Defendants Premises on direct basis of disability and disability related issues." (Filing No. 17 at 13.)  The Plaintiffs then allege that the Defendants knew they used therapeutic service animals for their disabilities, yet the Defendants discriminated against and harassed the Plaintiffs for having service animals by threatening eviction in October 2018 and treating them less favorably.  *Id.*

The Defendants argue that the Plaintiffs must prove a *prima facie* case by showing that the Defendants' housing actions or practices were motivated by a discriminatory purpose or had a discriminatory impact. The Defendants argue the Plaintiffs must show they are protected individuals who exercised their statutory rights and the Defendants coerced, threatened, intimidated, or interfered with the Plaintiffs' rights, which was motivated by discriminatory intent. The Defendants contend the Plaintiffs fail to meet their *prima facie* burden as they had access to their apartment for the entire term of the lease agreement, and they were adequately put on notice of the non-renewal of the lease.

The Defendants' argument concerning the Plaintiffs' *prima facie* burden may be successful at the summary judgment stage; however, that is not the Plaintiffs' burden at this stage of the litigation.  As with the retaliation claim, the Plaintiffs' allegations are meager, but there are enough facts concerning alleged threats to the Plaintiffs' statutory rights as to the use of service animals to be able to survive the Motion to Dismiss.

**C.**     **Count XI: Hate Crime of a Disabled American**

Lastly, in Count XI of their Amended Complaint, the Plaintiffs bring a claim against the Defendants for what they label as "Hate Crime of a Disabled American".  They allege in their Amended Complaint that "Plaintiffs believe, and therefore aver, that the Defendants acted in direct

bias and intentionally attacked the Plaintiffs because of a protected characteristic and Real Estate Defendants expressed hostility in their rife vexatious conduct." (Filing No. 17 at 14.) The Plaintiffs then allege that they were not able to enjoy living in their leased apartment because of the Defendants' hostility toward them. *Id.* at 15.

The Defendants argue that this claim must be dismissed because the Amended Complaint fails to allege any underlying crime that could support a "hate crime" claim. They further argue that the Plaintiffs have not alleged sufficient facts to show the actions of the Defendants were motivated by discriminatory reasons based on disability.

The Court agrees with the Defendants that the Amended Complaint fails to allege facts to support a claim for "Hate Crime of a Disabled American" because the Amended Complaint is devoid of any facts of an underlying crime that would give rise to liability for such a claim against the Defendants. Therefore, the Court **grants** the Defendants' Motion to Dismiss as to this claim.

## IV.   CONCLUSION

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Defendants' Motion to Dismiss (Filing No. 44). The Plaintiffs' claim for "Hate Crime of a Disabled American" is dismissed with prejudice.[2] However, the Plaintiffs' claims for "Retaliation of a Disabled American" and "Discrimination of a Disabled American" have survived the initial hurdle of a motion to dismiss with respect to Counts II and X of the Amended

---

[2] Plaintiffs have had several opportunities to amend their complaint and they have failed to state a "hate crime" claim upon which relief can be granted. The Seventh Circuit has noted that "dismissal under Rule 12(b)(6) . . . is a dismissal with prejudice." *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015).

Complaint.  Whether or not these claims can survive summary judgment is a matter for another day.

      **SO ORDERED.**

Date:  7/21/2020

                              TANYA WALTON PRATT, JUDGE
                              United States District Court
                              Southern District of Indiana

DISTRIBUTION:

Eric J. Mapes and Jenelle M. Kelly-Mapes
P.O. Box 47181
Indianapolis, Indiana  46247-0181

Jonathan Patrick Sturgill
THE STURGILL LAW FIRM
jonnysterg@msn.com